IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRESTON D. BONNETT**, | : CIVIL ACTION NO. 1:22-CV-1919 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **SUPERINTENDENT ZAKEN**, *et al.*, | : |
| Respondents | : |

**MEMORANDUM**

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254. Petitioner, Preston D. Bonnett, challenges his 2019 conviction for arson and second-degree murder in the Luzerne County Court of Common Pleas. In accordance with United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), we *sua sponte* raised the issue of timeliness and required Bonnett to show cause as to why the case should not be dismissed as untimely. Upon consideration of the petition and Bonnett's response to the order to show cause, we conclude that the petition is untimely and will dismiss it on that basis.

**I.      Factual Background & Procedural History**

Bonnett was found guilty of three counts each of arson, second-degree murder, and third-degree murder on June 4, 2019. See Commonwealth v. Bonnett, 239 A.3d 1096, 1101 (Pa. Super. Ct. 2020). On June 5, 2019, he was sentenced to three consecutive terms of life in prison with respect to the second-degree murder counts and concurrent terms of 10-20 years of imprisonment with respect to the third-degree murder and arson counts. Id. The court of common pleas

subsequently vacated the sentences with respect to the third-degree murder counts on June 10, 2019 based on the merger doctrine and the Pennsylvania Superior Court's decision in Commonwealth v. McCamey, 154 A.3d 352, 358 (Pa. Super. Ct. 2017). Bonnett, 239 A.3d at 1101.

Bonnett filed post-sentence motions challenging his conviction, which were denied on October 9, 2019. Id. He timely appealed his conviction and sentence to the Pennsylvania Superior Court, which affirmed the judgment of sentence on September 22, 2020. Id. at 1107. Bonnett petitioned for allowance of appeal to the Pennsylvania Supreme Court, which denied the petition on March 9, 2021. Commonwealth v. Bonnett, 250 A.3d 468 (Pa. 2021). Bonnett did not appeal to the United States Supreme Court.

On July 19, 2021, Bonnett filed a "notice of application in petition for an emergency writ of habeas corpus" in the Pennsylvania Supreme Court and application for leave to file original process in that court. See Commonwealth v. Bonnett, No. 89 MM 2021 (Pa. 2021). The court granted the application for leave to file original process and denied the petition for emergency writ of habeas corpus on December 8, 2021. Id.; (Doc. 1-1). Bonnett did not file any additional challenges to his conviction in state court. (Doc. 1 at 4).

Bonnett filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 27, 2022, and the court received and docketed the petition on December 5, 2022. (Doc. 1 at 15). He asserts that he is entitled to a writ of habeas corpus because his right to due process was violated when hearsay evidence alone was used against him in his preliminary hearing. (Id. at 5).

2

On December 8, 2022, we issued an order under Bendolph, 409 F.3d at 155, requiring Bonnett to show cause as to why the petition should not be dismissed as untimely. (Doc. 4). Bonnett responded to the order on December 20, 2022. (Doc. 5). He argues that his petition is timely because he filed it within one year of the Pennsylvania Supreme Court's denial of his petition for emergency writ of habeas corpus. (Id.) We address Bonnett's argument below.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013); Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

Under Section 2244, Bonnett had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[1] Bonnett's conviction became final on June 7, 2021, the last day by which he could have filed a petition for writ of certiorari to the United States Supreme Court. Thus, absent tolling, Bonnett was required to file his petition for writ of habeas corpus no later than June 7, 2022 to be considered timely under Section 2244. His petition, which was not filed until November 27, 2022, is facially untimely.

Bonnett argues that his petition should be deemed timely filed because he filed it within one year of the Pennsylvania Supreme Court's order denying his petition for emergency writ of habeas corpus on December 8, 2021. (Doc. 5). We liberally construe this as an argument that the filing of his petition for emergency writ of habeas corpus on July 19, 2021 statutorily tolled the limitations period pursuant to Section 2244(d)(2).

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

4

Bonnett's argument misconstrues the statutory tolling provision under Section 2244(d)(2).  Section 2244(d)(2) pauses the limitations period; it does not restart or reset the limitations period.  See Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002); accord Talley v. Cappozza, No. 3:19-CV-1792, 2020 WL 7342806, at *3 (M.D. Pa. Dec. 14, 2020).  At the time Bonnett filed his petition for emergency writ of habeas corpus on July 19, 2021, 42 days had already elapsed towards the end of the limitations period since his conviction became final on June 7, 2021.  Assuming for the sake of argument that his petition for writ of habeas corpus filed in the Pennsylvania Supreme Court was a "properly filed" application for post-conviction relief that statutorily tolled the limitations period pursuant to 28 U.S.C. § 2244(d)(2), his petition still needed to be filed within 323 days of the court's denial of the petition in light of the 42 days that had already elapsed towards the end of the limitations period.  Thus, because the Pennsylvania Supreme Court denied the petition on December 8, 2021, Bonnett needed to file his petition for writ of habeas corpus no later than October 27, 2022 to comply with AEDPA's one-year statute of limitations.  His petition, which was not filed until November 27, 2022, is untimely.

Bonnett is not entitled to equitable tolling of the limitations period.  The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but extraordinary circumstances prevented him from timely filing his petition.  Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace, 544 U.S. at 418).  The petitioner bears the burden of showing that he is entitled to equitable tolling.  Pace, 544 U.S. at 418.  Bonnett

has not advanced any argument for equitable tolling, and accordingly has not met his burden.

Bonnett is also not entitled to relief from the limitations period under the actual innocence exception. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386). Bonnett has failed to meet this burden because he has not advanced any actual innocence argument.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice as untimely. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   December 22, 2022